United States District Court
Southern District of Texas
**ENTERED**
June 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-1907 |
| | § | |
| NNWOOD PHARMACY LLC, | § | |
| CHERYL BREW GREENLEAF, | § | |
| AND WENDELL KIRK | § | |
| GREENLEAF, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is The United States' Motion for Partial Summary Judgment (Document No. 20). Having considered the motion, submissions, applicable law, and lack of response filed by Defendants in violation of Local Rule 7.4, the Court determines that Plaintiff's motion should be granted.

## I. BACKGROUND

This is a federal action to recover civil penalties for alleged violations of the Controlled Substances Act. Defendants Cheryl Brew Greenleaf and Wendell Kirk Greenleaf owned and operated a DEA registered Retail Pharmacy, Defendant Nnwood Pharmacy LLC ("Nnwood"), formerly located at 8240 Antoine Drive, Suite 108, Houston, Texas, 77088. The United States of America (hereinafter "the Government") contends that between January 1, 2020, and March 31, 2021, Nnwood

dispensed a total of 3,133 prescriptions totaling 26,317 dosage units of controlled substances.[1] Of those doses, approximately 62% were highly diverted controlled substances including: Hydrocode, Promethazine with Codeine, and Carisoprodol.[2] After an analysis of this data, the DEA executed an Administrative Inspection Warrant and conducted an audit for controlled substances at Nnwood on July 16, 2021.[3] The Government alleges that the results of the audit revealed a failure to maintain complete and accurate records in violation of 21 C.F.R. § 1304.21(a) and 21 U.S.C. § 842(a)(5). The Government further alleges that the audit also revealed significant inventory discrepancies of numerous controlled substances in violation of 21 U.S.C. § 842(a)(5). The Government also alleges that Nnwood dispensed numerous dosage units of various Schedule II through V controlled substances from practitioners located hundreds of miles away from the pharmacy and dispensed multiple dosages of Schedule II Hydrocodone and Schedule IV Carisoprodol pills to numerous male customers whose prescriptions originated from doctors specializing in Obstetrics and Gynecology care according to their Texas Medical Board licenses.

---

[1] *See The United States' Motion for Partial Summary Judgment*, Document No. 20 at 4.

[2] *Id.*

[3] *Id.*

2

Based on the foregoing, on April 28, 2025, the Government filed suit against Defendants in this matter, seeking: (1) civil penalties for unlawful dispensing of controlled substances; (2) civil penalties for failing to make, keep, or furnish records and reports; and (3) a permanent injunction to restrain future violations.[4] On March 31, 2026, the Government filed the pending motion for summary judgment, contending that no genuine issue of material fact exists in this matter.[5] A review of the record in this matter reveals that Defendants have failed to file a response to the Government's motion for summary judgment either by the deadline required under the Federal Rules of Civil Procedure or the date of this Order.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[4] *See The Government's Complaint*, Document No. 1 at 1–11.

[5] *See The Government's Motion for Partial Summary Judgment*, Document No. 20 at 1–20.

3

323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the

4

nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

The Court may not grant summary judgment based merely on the procedural failure to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. Rather, the movant must bear its initial burden to show that no issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). If issues of material fact clearly exist within the summary judgment record, then summary judgment is improper. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000) ("Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." (quoting *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)).

### III. LAW & ANALYSIS

The Government moves for summary judgment, contending there is no genuine issue of material fact for a jury to consider in this matter as to whether the Defendants violated the Federal Controlled Substances Act ("CSA") in operating the Nnwood Pharmacy. The Government contends that Defendants have violated the

5

CSA by: (1) unlawfully dispensing controlled substances, and; (2) failing to make, keep, or furnish records and reports. Defendants did not respond to the Government's motion for summary judgment, failing to rebut or offer evidence to counter the Government's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Defendant's procedural failure to respond, the Court will consider, in turn, each alleged violation of the CSA.

## A. Unlawful Dispensing of Controlled Substances

The Controlled Substances Act ("CSA") created a closed regulatory system designed to monitor and account for controlled substances from the point of importation or manufacture through their distribution to the ultimate end user. To prevent diversion, the Act regulates individuals and entities involved in the manufacture, distribution, and dispensing of controlled substances and generally requires that anyone handling such substances be registered with the DEA unless exempted by regulation. *See* 21 U.S.C. § 822(a)(1)-(2). The CSA further provides that controlled substances may be dispensed only pursuant to a valid prescription issued for a legitimate medical purpose in the usual course of professional practice. *See* 21 U.S.C. §§ 829(a)(1) and 842(a)(1). The Act also requires that all persons and businesses who dispense controlled substances comply with various recordkeeping

6

and other requirements designed to prevent the diversion of controlled substances. *See* 21 U.S.C. § 842(a)(5).

More specific to the present case, the Government contends that Defendants violated 21 U.S.C. §§ 829(a)(1). Section 829(a)(1) of the CSA prohibits any manufacturer, distributor, or dispenser from distributing or dispensing a controlled substance without a valid prescription. *See United States v. Moore*, 423 U.S. 122, 135-36, n.11 (1975). The prescription must be issued by an individual medical practitioner who is authorized to prescribe controlled substances under the laws of the state in which they are licensed to practice. 21 C.F.R. § 1306.03(a). For a prescription to be considered valid, it must contain the valid DEA registration number of the practitioner. 21 C.F.R. § 1306.05(a). In addition to a valid DEA registration, the prescription must be issued "for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). The United States Court of Appeals for the Fifth Circuit has made clear that the United States may establish a violation of § 1306.04(a) by proving that the defendant either acted without a legitimate medical purpose or acted outside the usual course of professional practice. *See United States v. Lamartiniere*, 625, 639 (5th Cir. 2024).

Here, the Government contends that Defendants failed to ensure that the prescriptions they were dispensing were legitimate. The Government notes for the

7

Court summary judgment evidence from a July 21, 2021, onsite inspection conducted by the DEA, in which the DEA seized ninety-nine fraudulent Schedule II through IV prescriptions dispensed between January 29, 2018 and June 19, 2020, in violation of the CSA.[6] The Government also notes for the Court the owner of Nnwood's deposition in which Greenleaf acknowledged that she knew that there were significant red flags associated with the fraudulent prescriptions, including: prescriptions written under invalid DEA registration numbers; prescriptions allegedly written by practitioners hundreds of miles from Nnwood; and prescriptions written to numerous male customers whose prescriptions originated from doctors specializing in Gynecology care.[7] The Government further notes for the Court that Greenleaf admitted under oath that she was aware of the required Texas State Board of Pharmacy Red Flag Checklist, and continued to issue prescriptions with red flags anyway, regardless of the risks the prescriptions posed.[8] The Government contends that there is no genuine issue of material fact that Greenleaf knew of her responsibility under the CSA to ensure that she filled only legitimate controlled

---

[6] *See id. at* 11–14.

[7] *See The Government's Motion for Partial Summary Judgment*, Document No. 20, Exhibit Q at 36:11-18; 43: 16-20 (*Deposition of Defendant Cheryl Brew Greenleaf*) [hereinafter *Deposition of Defendant Cheryl Brew Greenleaf*].

[8] *Deposition of Defendant Cheryl Brew Greenleaf, supra* note 7 at 45:7-21; 46:24-48:12.

substance prescriptions. Defendants offer no rebuttal. Having considered the foregoing, submissions, and applicable law, the Court finds that summary judgment in favor of the Government is proper with respect to their claim that Defendants violated the CSA by unlawfully dispensing controlled substances. The Court now turns to consider whether Defendants engaged in proper record keeping in compliance with the CSA.

B. *Recordkeeping Requirements under the CSA Substances*

The Government alleges that Defendants violated 21 U.S.C. § 842(a)(5) by failing to comply with the statute's recordkeeping requirements. The CSA requires that each registrant distributing or dispensing controlled substances must adhere to strict recordkeeping requirements and maintain the records for a period of two years. *See* 21 U.S.C. §§ 827(b)(3) and 842(a)(5); 21 C.F.R. § 1304.04(a). Specifically, DEA registrants who dispense controlled substances pursuant to prescriptions are required to keep and maintain complete and accurate records concerning any and all controlled substances ordered, received, stored, and dispensed. *See* 21 U.S.C. § 827(a)(l)(b); 21 C.F.R. § 1304.21(a).

Here, the Governments contends that the DEA audit of Nnwood that occurred on July 16, 2021, revealed that Defendants failed to maintain complete and accurate records in violation of 21 U.S.C. § 842(a)(5) and 21 C.F.R. § 1304.21(a). More specifically, the Governments notes for the Court that the Texas State Board of

9

Pharmacy flagged Nnwood for violations of having mislabeled drug stock, unavailable records, and incomplete computer records in both 2018 and 2014. The Government further notes that in 2021, DEA investigators requested Schedule II Controlled Substances Ordering Systems forms ranging from May 31, 2019, through July 16, 2021 from Defendants, which they were unable to produce as required by law.[9] The Government further contends that Greenleaf was aware of her obligations under the CSA and negligently failed to keep accurate inventory records of Nnwood's controlled substances, evidenced by: (1) Greenleaf's own deposition where she testified to her knowledge of recordkeeping requirements; (2) Greenleaf's sole responsibility at the pharmacy of fulfilling prescriptions; and (3) Greenleaf's own admission that she personally and directly reported prescriptions for controlled substances to the Texas State Board of Pharmacy herself.[10] Defendants offer no rebuttal.

Having considered the foregoing, submissions, and applicable law, the Court finds that there is no genuine issue of material fact with respect to Defendants' failure to comply with the recordkeeping requirements of the CSA. Thus, the Court finds that summary judgment in favor of the Government is proper.

---

[9] *See The Government's Motion for Partial Summary Judgment*, Document No. 20, Exhibit E.

[10] *Deposition of Defendant Cheryl Brew Greenleaf, supra* note 7 at 103:11-104:1; 06:14-109:19).

10

Accordingly, having considered the Government's pending motion for summary judgment, Defendants' lack of any rebuttal or response, and the applicable law, the Court finds that Defendants fail to raise a genuine issue of material fact to survive the Government's motion, and thus, determines summary judgment is proper in this matter.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that The United States' Motion for Partial Summary Judgment (Document No. 20) is **GRANTED**. The Court further

**ORDERS** that all trial settings are hereby VACATED. The Court further

**ORDERS** that civil money penalties shall be awarded to the United States as provided for in 21 U.S.C. §§ 842(c)(1)(A) and (c)(1)(B)(i). The United States must provide the Court with a memorandum and corresponding proposed order detailing the penalty provisions and applicable regulations and case law for determining the appropriate penalty amounts **NO LATER THAN JULY 20, 2026.**

SIGNED at Houston, Texas, on this **18** day of June, 2026.

DAVID HITTNER
United States District Judge

11